UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS ROSENBERG,<br><br>    Plaintiff,<br><br>    v.<br><br>REDDIT, INC.,<br><br>    Defendant. | Case No. 23-cv-00820-DMR<br><br>**ORDER ON MOTION TO EXTEND DEADLINE FOR AMENDED COMPLAINT AND MOTION TO APPOINT COUNSEL**<br><br>Re: Dkt. Nos. 20, 21 |

    Self-represented Plaintiff Douglas Rosenberg filed a complaint and an application to proceed *in forma pauperis* ("IFP"). [Docket Nos. 1, 2.] On August 14, 2023, the court issued an order granting the IFP application and screening the complaint pursuant to 28 U.S.C. § 1915(e). [Docket No. 19.] The court granted Plaintiff leave to file an amended complaint addressing the deficiencies identified in the screening order by September 11, 2023. *Id*.

    On September 11, 2023, Plaintiff filed a motion to extend the deadline to file an amended complaint by 30 days. [Docket No. 20.] The motion is granted. Plaintiff shall file an amended complaint by no later than October 20, 2023.

    Plaintiff also filed a motion to appoint counsel. [Docket No. 21.] There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *See*

*Rand*, 113 F.3d at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

As Plaintiff has not yet filed a complaint that states a claim on which relief may be granted under 28 U.S.C. § 1915(e), the motion to appoint counsel is denied. Additionally, Plaintiff's motion does not explain why he is entitled to that extraordinary remedy, and the court is unable to assess at this time whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a *pro bono* appointment. The proceedings are at an early stage, and it is premature for the court to determine Plaintiff's likelihood of success on the merits in the absence of any plausible claim.

**IT IS SO ORDERED.**

Dated: September 19, 2023



Donna M. Ryu
Chief Magistrate Judge

2